USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
:
-v- :  1:20-cr-492-GHW
:
AVERY WHEELER, : ORDER
:
Defendant. :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

The September 9, 2022 application for the early termination of Avery Wheeler's supervised release is denied. Dkt. No. 3 (the "Application"). Section 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56-57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

Early termination "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03-0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release

and does not warrant early termination." *Id.* "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and concludes that Mr. Wheeler's application should be denied. Mr. Wheeler asserts that he is entitled to the early termination of his supervised release because he has complied with its requirements successfully for over 26 months, and because he has been on "'low intensity' supervision for over one year without any problems, whatsoever." Application at 6. He also asserts that "he is no threat to public safety." *Id.* Mr. Wheeler argues that his "age (i.e. 43 years old . . .)[,] compliance with all the conditions of his supervised release, his additional and continuous work in the community and his exemplary prison record and overall commitment to being a better person . . ." support the conclusion that early termination is warranted. *Id.* at 7.

Mr. Wheeler also points to his budding real estate business, and argues that his supervised release impedes his ability to travel outside of his district of residence to develop that business. Dkt. No. 6 (the "Reply"). However, the restriction imposed by Mr. Wheeler's conditions of supervised release permits him to leave the district with the permission of either the Court *or* his probation officer. Dkt. No. 1 at 5. The condition is not a complete bar. And even if it were, that one constraint would not justify the early termination of all of the conditions of Mr. Wheeler's supervised release, which include important supports for him following his release from imprisonment. The Court encourages Mr. Wheeler to seek the permission of his probation officer

2

for out of district travel.

The Court applauds Mr. Wheeler's successful compliance with the conditions of his supervised release to date and his work to integrate himself into his community and to develop his business. But this is "what is expected of a person under . . . supervised release and does not warrant early termination." *United States v. Fenza*, 2013 WL 3990914, at *2. Mr. Wheeler points to no new or unforeseen circumstances, and no exceptionally good behavior or other factors that might warrant early termination. The Court accepts Mr. Wheeler's proffer that he has done well for his time on supervised release to date: however, the facts that he has identified do not justify early termination.

Here, the Court has been asked to determine whether to shorten the five-year period of supervised release to which Mr. Wheeler was sentenced. The Court does not address Mr. Wheeler's contention that his period of supervised release should be reduced by the Bureau of Prisons (the "BOP") as a result of time credits earned under the First Step Act of 2018. The calculation of a sentence lies within the authority of the BOP. *See generally United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351, 1354, 117 L. Ed. 2d 593 (1992).

Having duly considered all of the applicable factors, the Court concludes that there is no basis to terminate Mr. Wheeler's supervised release early. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Wheeler has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 3 and to mail a copy of this order to Mr. Wheeler.

SO ORDERED.

Dated: November 15, 2022
New York, New York

GREGORY H. WOODS
United States District Judge

4