USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                                                   :

UNITED STATES OF AMERICA,          :

                                                                                   :

                 -v-                              :          1:20-cr-492-GHW

                                                                                   :

AVERY WHEELER,                           :              ORDER

                                                                                   :

                             Defendant.    :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       On February 27, 2025, Mr. Wheeler filed an application for early termination of his supervised release. Dkt. No. 15 (the "Application"). It is Mr. Wheeler's third request for the early termination of his term of supervised release. *See* Dkt. Nos. 12, 14. As with Mr. Wheeler's prior applications, the Court applauds Mr. Wheeler's development and progress, but concludes that his application for the early termination of his supervised release does not meet the bar established by the governing law.

       Section 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)

(quoting *United States v. Gelb*, 944 F.2d 52, 56-57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

Early termination "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03-0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.* "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and, as before, concludes that Mr. Wheeler's application should be denied. Mr. Wheeler asserts that he is entitled to the early termination of his supervised release because he has, among other things, "remained fully committed to meeting all probation requirements, maintaining compliance for 55 out of 60 months." Application at 1. According to the Application, Mr. Wheeler's term of supervised release ends on July 28, 2025. *Id.* His Application recounts how he has "grown immensely" during the term of his supervised release. *Id.* at 2. The Court has reviewed all of Mr. Wheeler's statements regarding his assessment of his progress contained in the Application.

The Court applauds Mr. Wheeler's successful compliance with the conditions of his supervised release to date, his "steady employment in real estate," and his work to develop his business further. Application at 1, 2. But this is "what is expected of a person under . . . supervised release and does not warrant early termination." *United States v. Fenza*, 2013 WL 3990914, at *2. Mr.

2

Wheeler points to no new or unforeseen circumstances, and no exceptionally good behavior or other factors that warrant early termination. The Court accepts Mr. Wheeler's proffer that he has done well for his time on supervised release to date: however, the facts that he has identified do not justify early termination on this record. The Court reaches this conclusion after an evaluation of all of the statutory factors under 18 U.S.C. § 3553(a), including the nature of the underlying offense.

Having duly considered all of the applicable factors, the Court concludes that there is not a sufficient basis to terminate Mr. Wheeler's supervised release early. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Wheeler has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to mail a copy of this order to Mr. Wheeler.

SO ORDERED.

Dated: May 5, 2025
New York, New York

GREGORY H. WOODS
United States District Judge